IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
*Pro Se* [Non-Prisoner] Complaint Form

RECEIVED
USDC CLERK COLUMBIA, SC

2005 NOV 29 P 2: 42

*Enter the full name of the plaintiff in this action* )

Ree Ex Doe, )
       Plaintiff )

Civil Action No. _____
*(to be assigned by Clerk)*

v. )

9   05   3310   SB   GCK

*Enter below the full name of defendant(s) in this action. If possible, please list only one defendant per line.*

Albert Gonzales, United States Attorney General
       Agency

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*If allowed by statute, do you wish to have a trial by jury?* Yes [ x ]    No [    ]

## I.    PREVIOUS LAWSUITS

    A.    *Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?*

    Yes [    ]    No [ x ]

1

B. *If your answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.*

1. *Parties to this previous lawsuit:*

   *Plaintiff:* _____

   *Defendant(s):* _____

2. *Court:* _____
   *(If federal court, name the district; if state court, name the county)*

3. *Docket Number:* _____

4. *Name(s) of Judge(s) to whom case was assigned:* _____

5. *Status of Case:* _____
   *(For example, was the case dismissed? Settled? Appealed? Still Pending?)*

6. *Date lawsuit was filed:* _____

7. *Date of disposition (if concluded):* _____

C. *Do you have any other lawsuits pending in the federal court in South Carolina?*

   Yes [    ]    No [ x ]

## II. PARTIES

*In Item A below, place your name and address in the space provided. Do the same for additional plaintiffs, if any.*

A. Name of Plaintiff: Ree Ex Doe _____

   Address: 407 McDill Lane, South Carolina  Hampton  29924 _____

*In Item B below, place the full name of the defendant; and his, her, or its address, in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: Albert Gonzales, United States Attorney General _____

   Address: U.S. DOJ, 320 First St. NW, Room 818, Washington, D.C. 20534 _____

C. *Additional Defendants (provide the same information for each defendant as listed in Item B above):*

Gerardo Maldonado Jr.
South Central Regional Office
Federal Bureau of Prisons
4211 Cedar Springs Rd.
Dallas, TX 75219

Dennis Hendershott
Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Crk Pk SW/BDG 2000

Tim Byrne
Federal Correctional Institution
15801 SW 137th Avenue
Miami, FL 33177

## III. STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the name(s) of other persons involved, dates, and places.* **Do not give any legal arguments or cite any cases or statutes.** *If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.*

The instant claim for compensation revolves around the discrimination, humiliation, embarrassment and retaliatory actions by the Plaintiff's superiors especially Warden Gerardo Maldonado, Jr., Associate Warden Dennis Hendershott, and Captain Tim Byrne. Their actions were to embarrass, humiliate, demean, and discriminate against the Plaintiff.

In relation to the instant claim, Plaintiff sought administrative relief on January 5, 2004 **(See Exhibit A; EEO Complaint No. P-2004-0098).** The investigation was completed in March of 2005. Plaintiff, requested an agency final decision on April 17, 2005 **(See Exhibit B; Request for a Final Decision).** The Complaints Adjudication Office issued their final order on October 27, 2005 **(See Exhibit C; Department of Justice Final Decision).**

Pursuant to allegations arising and maturing during the period May 8-10, 2003, the Federal Correctional Institution at Estill, S.C. conducted an investigation during which Plaintiff and a female subordinate disclosed they were present on a cruise simultaneously.

3

## III. STATEMENT OF CLAIM - *continued.*

On July 14, 2003, Ree Ex Doe, Plaintiff, was presented with a proposal letter of demotion for conduct revolving around

him taking a trip with a female subordinate  **(Exhibit D; Proposal letter dtd July 14, 2003)**.

In response to such proposal, Plaintiff admitted to the facts that revolved around the charge of Inappropriate

conduct in the form of (Inappropriate Supervisor/Subordinate Relationship). However, Plaintiff did not agree with the

recommended punishment of demotion. Plaintiff argued that a 3-grade demotion was too harsh of a punishment for the

charge of Inappropriate Supervisor/Subordinate relationship. Plaintiff further argued that such type of punishment was not

"normal" for Bureau of Prisons employees who were similarly situated. Basically, (and liberally construed) Plaintiff

argued  throughout the Administrative Proceedings that he had not been treated equally in regards to the punishment

imposed for the charge of (Inappropriate Supervisor/Subordinate Relationship). Plaintiff made a number of attempts to

prove his claim of unequal treatment 1/ by obtaining the records revolving around the case of Captain Tim  Byrne,

Lieutenant Keith Knight and Disciplinary Hearing Officer, John Redmon and Secretary Penny Foskey wherein the conduct

of each of the individuals were ignored or taken lightly.  It should be noted all of the Caucasian race.

Whenever, Plaintiff would make attempts to obtain evidence in support of his unequal treatment argument he would be

informed that the investigations on such persons were not complete and documents could not be turned over,  that such

persons were not accused of any wrongdoings, or that he was not entitled to such information.  **See Exhibit E,  (Agency's**

**Response to the Appellant's Second Set of Interrogatories and Second Set of Requests To Produce, Dated May 14,**

**and May 11, 2004 respectively on page (3) paragraph (3).  See Exhibit F, (Appellant's Motion for Sanctions**

**Against the Agency For Failure to Comply With Board Ordered Discovery on page (3) paragraph (b), page (4)**

**paragraph (c) and (3). Also, See Exhibit G, Declaration of Michael Heffrom, Special Agent Office of Internal**

**Affairs For The  Federal Bureau of Prisons) sentences (5) (6) and (7).**

---

1/Plaintiff was subject to further conditions as follows:

1. On May 14, 2003, prior to any finding of guilt, Captain Tim Byrne ordered the Plaintiff to the institution in a different uniform because he would be cleaning the dirty warehouse. **(See Exhibit H, Affidavit of Captain Tim Byrne, sec. (8), page (7).** This was reported to Associate Warden, Dennis Hendershott on May 19, 2003 and he condoned this activity.

4

### III.  STATEMENT OF CLAIM - *continued.*

2.  On June 2, 2003, prior to any guilty finding, Captain Tim Byrne informed the Plaintiff that he will not be allowed to attend the Lieutenant's meetings. Several of the meeting minutes were falsified in order to state that the Plaintiff was present. These reports were forwarded to the Regional level. **(See Exhibit I; Plaintiff Roster daily assignment, and Exhibit J; Lieutenant meeting minutes )**.

3.  On June 16, 2003, prior to any finding of guilt, Captain Tim Byrne  ordered Plaintiff to go and count shoes at the warehouse. **(See Exhibit K; e-mail and shoe count).** This is not a normal requirement of anyone. This was to humiliate and embarrass Plaintiff  in front of his subordinates and peers.

4.  On June 30, 2003, prior to any finding of guilt, Captain Tim Byrne  sent an  e-mail to his secretary (Penny Foskey) for the Plaintiff to get a pair of boots  for a white GS-7 Correctional Officer.**(See Exhibit L; Captain Tim Byrne e-mail).** This was to humiliate and embrass me in front of my subordinates and peers.

5.  During June of 2005, Erik Skinner of the Civil Rights Authority called and left several voice messages to my immediate Supervisor, Tim Byrne  in reference to me attending discrimination training on July 23 and July 24, 2003. **(See Exhibit T; EEO initial request).**

6.  On July 2, 2003, prior to any finding of guilt, Associate Warden Dennis Hendershott, who was acting warden at the time informed Plaintiff his schedule was changed and he will not off on July 4, 2003. This is not the norm for staff on a 5-day post.  **(See Exhibit M; Weekly change sheet; Exhibit I: Plaintiff Roster daily assignment).**

7.  On July 17, 2003, prior to any finding of guilt, Plaintiff requested orally and in writing to his supervisor Captain Tim Byrne to  use this time off award.    This was denied **(See Exhibit N; E-mail and time he opened it).**

8.  On July 29, 2003, the Plaintiff was contrite in his actions and stated he was aware of the similar situations.  Warden Geraldo Maldonado concurred by stating there are similar situation s but this is different.  He failed to order an investigation into the matter as mandated by Federal Bureau of Prisons. **(See Exhibit O; Oral Response during Warden Decision meeting).**

9.   Before a finding of any guilt, On August 12, 2003, Captain Tim Byrne ordered Plaintiff to the perimeter patrol as a GS-11 lieutenant.  This post does not apply to Lieutenant's accept in a "last resort" situation. **(See Exhibit P; See e-mail).**

10.  Before a finding of any guilt, On August 22, 2003, Plaintiff was called at his home by Captain Tim Byrne and requested some work for Plaintiff to do.  It should be noted Plaintiff's was on annual leave at the time.  **(See Exhibit Q; See e-mail).**

11. Before a finding of guilt, on September 10, 2003, a week prior to training, Plaintiff was informed that he would not attend the training and that lieutenant Paul Gonzales would be attending in hid place.  It was because of the investigation. However, Lieutenant Gonzales was under investigation for abusing an inmate.  **(See Exhibit R; Office Of Internal Affairs Investigation request)** .  It should be noted the incident took place about (5) months earlier but Captain TIm Byrne,  Associate Warden Dennis Hendershott and Warden Geraldo Maldonado failed to adhere to policy of the Federal Bureau of Prisons.  Lieutenant Gonzales was not subject to any of the things as Plaintiff. Captain Tim Byrne remove Plaintiff from the approved training.

12.  On September 15, 2003,  Plaintiff was schedule to attend a security threat in training in advance.  The agency falsified the form and sent lieutenant Gonzales in his place. **(See Exhibit S; Training authorization).**

13.  On October 23, 2003,  Plaintiff contacted the (EEO) counselor and filed a complaint for racial discrimination. Captain Tim Byrne began to further humiliate Plaintiff and embarrass him.  **(See Exhibit T; Initial EEO investigation request).**

4-A

### III.  STATEMENT OF CLAIM - *continued.*

14. On October 23, 2003, as a result of the EEO complainant, Plaintiff was instructed by his supervisor Captain Tim Byrne to work the compound as an officer. **(See Exhibit H; Captain Tim Byrne affidavit pg 4, para 8).**

15. On October 23, 2003, Captain Tim Byrne removed other staffs from the hospital trips for no reason and placed Plaintiff on trips for three consecutive days. **(See Exhibit U; Falsified documents).** However, Plaintiff's daily assignments were falsified and the roster reflected that he was assigned to the Special Housing Unit as a Lieutenant. In fact, Captain Tim Byrne wrote the Plaintiff's name on the hospital trips himself. He violated the overtime procedures. **(See Exhibit V; mandatory overtime procedures).**

16. On November 13, 2003, the Plaintiff was placed on sick leave by s license physician due to major depression. **(See Exhibit W medical documents).**

17. Effectively, on November 16, 2003, the Plaintiff was removed from his position as a GS-11 Lieutenant and ordered to report to the Federal Correctional Institution Edgefield, South Carolina. He was not granted administrative leave or relocation money provided at the time. **(See Exhibit X; Effective date of demotion and relocation).**

18. On December 15, 2003, Plaintiff received a facsimile for authorization relocation allowance. **(See Exhibit Y; Relocation authorization).** Another was sent by Fed Ex on December 13, 2003. Both authorizations were given about one month later after being order to move.

19. On June 23, 2004, Captain Tim Byrne, Plaintiff former supervisor, called his home while he was being interviewed by the (EEO) investigator. He called and failed to leave a message. This action was an act to intimidate and harass Plaintiff. Plaintiff had no contact with the institution for over (8) months prior to this incident. **(See Exhibit Z; Memorandum about prior supervisor calling my on date of the EEO investigation).**

Plaintiff even requested that his representative put a hold on all penalty type proceeding in which he was informed that

such proceeding could not put on hold. Punishment was subsequently imposed in the form of demotion from an

Operations Lieutenant (GS-11) to Senior Officer Specialist (GS-8).

**As stated previously, there were others who were under investigation for violating the identical policy or policies**

**more egregious than plaintiff and none of the above procedures were excised against them. If fact my superiors**

**tried to cover-up these very acts. The others were:**

1. Lieutenant Paul Gonzales
2. Captain Tim Byrne
3. Disciplinary Hearing Officer John Redmond
4. Lieutenant Keith Knight
5. Captain Secretary Penny Foskey

4-6

## IV. RELIEF.

*State briefly and exactly what you want this court to do for you.*

I would like the court to find my rights to due process was violated when I was deprived of a fair chance to present my case prior to the imposition of punishment and I would like the court to find the punishment imposed on me was in violation of my rights to be free from discrimination of any sort and my rights to equal treatment of the law. After such finding, I would like the court to issue an order that the punishment was unconstitutional and my initial status as GS-11 Operation Lieutenant be returned.

**Retaliation:** For the actions of Supervisor Tim Byrne, Plaintiff request the amount of $125,000.00.

**Discrimination:** For the discrimination practices, which Plaintiff was subjected to, he request the amount of $350,000.00 in damages which include emotional distress, mental anguish, pain and suffering, inconvenience, lost of enjoyment of life and damage, and past and future losses.

**Humiliation and embarrassment:** Plaintiff requests $150,000.00 for the humiliation, demeaning, and embarrassment cause by the Executive Staff.

I would like for this court to ensure the agency give me all my sick leave and annual leave due to medical reasons. The lost of promotional potential, employment benefits, medical costs, and out of court expenses.

I would like for this court to award me all of my back pay with interest and attorney fees.

I would like for this court to impose punishment on those individuals involve for providing false statements and inconsistencies in their affidavits. To this date, the Federal Bureau of Prisons failed to investigate in this matter.

## *I declare under penalty of perjury that the foregoing is true and correct.*

Signed this ___28th___ day of _November 2005_.

_____
*Signature of Plaintiff*

5