IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| REE EX DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 9:05cv03310-SB-GCK |
| ) | |
| ALBERTO GONZALES, ATTORNEY ) | |
| GENERAL, DEPARTMENT OF JUSTICE, ) | |
| GERALDO MALDONADO, JR., DENNIS ) | |
| HENDERSHOTT, TIM BYRNE ) | |
| ) | |
| Defendants. ) | |

**ATTORNEY GENERAL'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGEMENT**

The Attorney General submits this Memorandum in Support of his Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

**FACTS**

Plaintiff was a GS-11 Lieutenant at the Federal Correctional Institution, Estill ("FCI Estill"). It is undisputed that from May 3, 2003, to May 10, 2003, Plaintiff went on a cruise with a female subordinate and shared the same cabin with her. Ex. 1, Plaintiff's Affidavit. As a result, Plaintiff was charged with having an Inappropriate Supervisor/Subordinate Relationship. Ex. 2, Notice of Disciplinary Action. After an investigation into the matter, he was subsequently demoted to a GS-7 Correctional Officer position and reassigned to the Federal Correctional Institution, Edgefield. Ex. 3, Decision Letter.

1

## PROCEDURAL HISTORY

On November 16, 2003, Plaintiff filed a mixed case appeal[1] with the Merit Systems Protection Board ("MSPB") appealing his demotion from a GS-11, Step 8 Lieutenant to a GS-8, Step 10 Senior Office Specialist and his reassignment due to a sustained charge of Inappropriate Supervisor/Subordinate Relationship. Ex. 4, MSPB Appeal. On the form, he claimed that he was discriminated by the Federal Bureau of Prisons ("Agency") in connection with the matter appealed because he was not allowed to attend training or allowed to go to monthly Lieutenant meetings. Ex 4, MSPB Appeal at 3. He further responded in discovery requests in the MSPB appeal that he was discriminated against because he was ordered to clean the warehouse, his duties as a supervisor were removed, he was not allowed to go to gang training, and he was told to go to a local hospital with an inmate. Ex. 5, MSPB Discovery Responses at 12.

The MSPB case was set for hearing on February 4, 2004. Ex. 6, Order and Notice of Hearing and Prehearing Conference. However, on January 20, 2004, Plaintiff filed a motion to delay pre-hearing submission, pre-hearing conference and hearing due to his medical condition. Ex. 7, Motion to Delay Hearing. As a result, the Administrative Judge ("AJ") dismissed the case without prejudice and allowed Plaintiff to refile his appeal no later than 90 days from the date of that order. Ex. 8, MSPB Initial Decision dated Jan. 30, 2004. On April 23, 2004, Plaintiff, through counsel, timely refiled his MSPB appeal. Ex. 9, Letter Refiling MSPB Appeal.

---

[1] "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effectuated, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2) (2005).

In Plaintiff's pre-hearing submission, he asserted that the issues were as follows:

1. Whether Appellant's conduct was a violation of the Standards of Employee Conduct.
2. If Appellant's conduct was a violation of the Standards of Employee Conduct, whether the agency considered the relevant factors according to Douglas, including relevant mitigating factors, and exercised management discretion within the tolerable limits of reasonableness when assigning Appellant's penalty.

Ex. 10, Pre-hearing Submission at 3.  Thus, Plaintiff failed to prosecute any claims of discrimination that he initially raised in his MSPB appeal form and that he raised in discovery. A hearing was conducted on July 22, 2004.  Ex. 11, MSPB Initial Decision dated August 19, 2004 at 3.  On August 19, 2004, the AJ issued a decision affirming the Agency's action.  Ex. 11, MSPB Initial Decision dated August 19, 2004.  Plaintiff then filed a petition for review of the initial consideration which was denied by the MSPB.  Ex. 12, MSPB Final Order Dated June 15, 2005.  Plaintiff has not appealed the MSPB Final Order, and the deadline for filing an appeal has passed. See 5 U.S.C. § 7703(b).

On January 4, 2004, Plaintiff filed a formal EEO complaint in which he alleged race discrimination.  Ex. 13, EEO Complaint.  The issues accepted for investigation by the Agency were whether Plaintiff was discriminated against based on race (black) when: 1) he was not allowed to attend Security Threat Group training in September 2003; 2) he was instructed to work on the Compound as an officer on October 23, 2003; 3) he was assigned to perform hospital trip duty on three occasions between October 28-30, 2003; 4) he was not allowed to attend lieutenants' meetings from May 2003 to November 2003; and 5) he was demoted from GS-11 to GS-8 and transferred to FCI Edgefield in November 2003.  Ex. 14, EEO Letter.  In addition, Plaintiff amended his complaint to add a claim that his former supervisor harassed him and retaliated against him by calling him at home while he was being interviewed by an EEO

3

investigator on June 23, 2004. Ex. 15, Amendment to EEO Complaint. On October 27, 2005, a final agency decision was issued in which the Department of Justice, Complaint Adjudication Office (CAO) found that Plaintiff was not discriminated against based on either race or reprisal. Ex. 16, CAO Decision.

On November 29, 2005, Plaintiff filed this civil action. Plaintiff alleges, among other things, that he was discriminated against because of his race when 1) he was demoted and reassigned to FCI Edgefield for Inappropriate Supervisor/Subordinate Relationship; 2) he was not allowed to attend Lieutenant's meetings; 3) he was not allowed to go to Security Threat Group training; 4) he was required to work the compound as an officer; and 5) he was required to go on hospital trips. Compl. at 4A-B. He also contends that Defendant Tim Byrne, his former supervisor, retaliated against him by calling his home when he was being interviewed by an EEO investigator. Compl. at 4B.

## STANDARD OF LAW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

4

# ARGUMENT

**I.     Plaintiff's claims should be dismissed for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies.**

Plaintiff is precluded from asserting his discrimination and retaliation claims because his withdrawal of these claims from the MSPB appeal constitutes a failure to exhaust his administrative remedies. He had an opportunity to fully litigate these claims through the MSPB process, which was his first chosen forum.

Title 29, Code of Federal Regulations, Section 1614.302(b) (2005) provides that, "An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part of an appeal on the same matter with the MSPB . . ., <u>but not both</u>." (emphasis added). Moreover § 1614.302(b) states that, "whichever is filed first shall be considered an election to proceed in that forum." Section 1614.302 also requires than an agency dismiss an entire complaint "[w]here the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board and § 1614.301 or § 1614.302 indicates that the complainant has elected to pursue the non-EEO process."

In this case, Plaintiff was advised in a decision letter by Defendant Geraldo Maldonado, who was the Warden of FCI Estill at that time, that he could appeal his demotion and reassignment by either filing an appeal with the MSPB or a formal EEO complaint. Ex. 3, Decision Letter. Moreover, he was advised that:

> If you appeal this decision, you must elect to do so under only one procedure. You are considered to have made an election when you timely file, in writing, an appeal with the MSPB, or a formal complaint with EEO. Please ensure you elect under which procedure

5

> you wish to proceed because, if you file under more than one procedure, the procedure under which you timely file shall be considered to be your elected forum procedure.

Ex. 3, Decision Letter.

Despite this fact, Plaintiff filed both an MSPB appeal and formal EEO complaint. Both his MSPB appeal and EEO complaint involved claims relating to his demotion and reassignment due to Inappropriate Supervisor/Subordinate Relationship. Plaintiff filed his formal appeal with the MSPB on November 16, 2003. Ex. 4, MSPB Appeal. Plaintiff filed his formal EEO complaint on January 4, 2004. Ex. 13, EEO Complaint. His formal appeal with the MSPB and with the EEO concerned similar allegations of discrimination relating to his removal from his GS-11 Lieutenant position. See Ex. 1, MSPB Appeal; Ex. 13, EEO Complaint. Notably, his MSPB and EEO cases are so interrelated that he has even used discovery responses from his MSPB case as exhibits to this district court case. See District Court Complaint at Exs. E, F, G, and J. Since Plaintiff elected to proceed first with the MSPB, he is precluded from raising these claims through the EEO process.

This case is similar to Economou v. Caldera, 286 F.3d 144 (2d Cir. 2002). In Economou, the plaintiff filed his first formal appeal with the MSPB. Subsequently, the plaintiff filed a formal complaint with the EEO that raised the same issues in his MSPB appeal. The plaintiff in Economou then withdrew his MSPB appeal. The Second Circuit held that the plaintiff was bound to exhaust his administrative remedies in the forum in which he files his first formal petition. The Second Circuit court stated that, "Under the clear language of the governing regulations, that formal filing designated the MSPB as the administrative forum in which Economou was bound to exhaust his claims." Id. at 149. Like in Economou, Plaintiff has failed

6

to exhaust his administrative remedies with the MSPB, his first chosen forum. Therefore, Plaintiff is precluded from raising his discrimination and retaliation claims in this district court action.

Notably, Plaintiff knew these claims existed as he raised some of these same discrimination claims on his MSPB appeal form and his discovery responses. See Ex. 4, MSPB Appeal; Ex. 5, MSPB Discovery Responses at 15. In addition, Plaintiff was represented by counsel prior to and at the MSPB hearing. Plaintiff, through counsel, had an opportunity to raise these discrimination and retaliation claims in the pre-hearing submissions and at the hearing, but did not. See Ex. 10, Pre-hearing Submission (no issue of discrimination or retaliation raised). Counsel's failure to pursue any discrimination or retaliation claims effectuated a waiver of these claims. See Thompson v. White, No. 5:01-CV-988-H(3), 2002 WL 32866535, at *4 (E.D.N.C. Oct. 18, 2002) (counsel's failure to object to the withdrawal of discrimination claim with the MSPB effectuated a waiver of plaintiff's claim). Because Plaintiff did not exhaust his administrative remedies with the MSPB, his first chosen forum, he cannot now raise these claims in district court. See McAdams v. Reno, 64 F.3d 1137, 1142 (8th Cir. 1995) (no federal court jurisdiction where plaintiff failed to exhaust her administrative remedies by abandoning her Title VII claims before the MSPB); Blake v. Dep't of Air Force, 794 F.2d 170, 173 (5th Cir. 1986) (holding that district court had no jurisdiction where plaintiff failed to pursue her claim of discrimination at her MSPB hearing although discrimination claim was alleged in her initial appeal).

## CONCLUSION

Plaintiff had the opportunity to litigate these discrimination and retaliation claims in his MSPB appeal, his first chosen forum. He abandoned these claims in his MSPB appeal, thereby

7

waiving these claims. Because he has failed to exhaust his administrative remedies, this case should be dismissed for lack of subject matter jurisdiction. Accordingly, Defendants respectfully request that this Court render a decision granting Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

                              REGINALD I. LLOYD
                              UNITED STATES ATTORNEY

                                        /s/ Terri Hearn Bailey
                              By:_____
                              Terri Hearn Bailey (#3113)
                              Assistant United States Attorney
                              1441 Main Street, Suite 500
                              Columbia, SC 29201
June 2, 2006                        (803) 929-3000